## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

JACKIE MILAZZO, JR.,

Plaintiff-Appellant,

v.

THE FIRST LIBERTY INSURANCE CORP. AND LIBERTY MUTUAL
INSURANCE CO.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida, Orlando Division
Case No.: 2:21-cv-00550

## OPENING BRIEF OF PLAINTIFF-APPELLANT JACKIE MILAZZO, JR.

Alex Finch, Esq.
Florida Bar No.: 949220
FROMANG & FINCH, P.A.
516 Whisper Wood Drive
Longwood, FL 32779
Telephone: 407-256-5538
Email: alex@fromangfinch.com
2d Email: afinchlegal@gmail.com

**Case No. 22-12400**

**Jackie Milazzo, Jr., v. The First Liberty Insurance Corp. et al.**

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Court of Appeals Local Rule 26.1-1 and 26.1-2, Appellant, JACKIE MILAZZO, discloses to this Court that the following individuals and corporations have an interest in the outcome of this appeal:

Alex Finch, P.A, d/b/a Finch Law Firm

Badalamenti, John Leonard, United States District

Butler Weihmuller Katz Craig LLP, Trial and appellate counsel for Appellees

Finch, Alex, Esq., Trial and Appellate Counsel for Appellant

Fromang & Finch, P.A., Trial and Appellate Counsel for Appellant

Fromang, Mark Andrew, Esq., Trial Counsel for Appellant

Lavisky, Matthew J., Esq., Trial and Appellate Counsel for Appellees

Liberty Mutual Holding Company, Inc.

Liberty Insurance Holdings, Inc.

Liberty Mutual Group Inc.

Liberty Mutual Insurance Company, Appellee

LMHC Massachusetts Holdings Inc.

McCoy, Mac Richard, United States Magistrate Judge

McHugh, Michael T., State Judge

Milazzo, Jackie Jr., Appellant and Trial Court Plaintiff

Novaes, Jamie Combee, Esq., Counsel for Appellees

Scott, Latasha Lordes, Esq., Appellate Counsel for Appellees

The First Liberty Insurance Corporation, Appellee

## <u>CORPORATE DISCLOSURE STATEMENT</u>

1.      Jackie Milazzo. Jr. is unaware of any corporation related to him in this action other than Fromang & Finch, P.A. and Alex Finch, P.A. d/b/a Finch Law Firm.

2.      Jackie Milazzo, Jr. is not personally aware of the corporate status of the corporate appellees and their related companies.

# STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant, Jackie Milazzo, Jr. (hereafter referred to as "Milazzo"), requests oral argument. This involves the interpretation of Rule (8) and Rule 9(b), Fed.R. Civ. P. and how the requirements of each are applied in determining a plaintiff's opportunity to prove a case involving the particularity pleading requirement of Rule (9)(b). Does the particularity requirement supersede the notice pleading requirement and how strictly is the particularity requirement to be applied in the context of notice pleading? Milazzo believes that oral argument will assist the Court in adjudicating Milazzo's interests and in resolving the disputed issues before the Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ......................................................C-1

STATEMENT REGARDING ORAL ARGUMENT .............................................1

TABLE OF CONTENTS.....................................................................................2

TABLE OF AUTHORITIES5i

STATEMENT OF JURISDICTION.....................................................................11

STATEMENT OF THE ISSUES..........................................................................11

STATEMENT OF THE CASE..............................................................................11

    I.  Nature of the Case .................................................................................11

    II.  Statement of the Facts...........................................................................13

    III.Standards of Review ..............................................................................18

SUMMARY OF THE ARGUMENT ....................................................................19

ARGUMENT .......................................................................................................22

    I.     THE ELEVENTH CIRCUIT STANDARDS FOR DISMISSAL .............22

    II.    FEDERAL PLEADING STANDARDS .................................................23

        A. Fed.R.Civ.P. 8(a)..................................................................................23

        B. Fed.R.Civ.P. 9(b)..................................................................................23

III.   MILAZZO PLED EACH CAUSE OF ACTION WITH SUFFICIENT
PARTICULARITY TO MEET THE NOTICE PLEADING
REQUIREMENT OF RULE 8 AND THE PARTICULARITY
REQUIREMENT OF RULE (9)(b) ...........................................................26

     A. Issue Statement....................................................................26

     B. Standard Of Review ...........................................................26

     C. Milazzo Pled With Sufficient Particularity All Of The Elements
       of A Fraud Based Claim to Survive Dismissal Based On
       Rule (9)(b) Because Milazzo Pled The "Circumstances" Of
       Fraud To Place Appellees On Notice Of The Precises Alleged
       Misconduct And Misrepresentations..................................................26

IV.   MILAZZO PLED ALL NECESSARY ELEMENTS OF EACH
CAUSE OF ACTION  TO MEET THE STANDARDS OF RULE 8
AND RULE 12 (b)(6) TO SURVIVE DISMISSAL................................42

     A. Issue Statement ...................................................................42

     B. Standard Of Review ...........................................................42

     C. Milazzo Pled Each Count Sufficiently To Survive Dismissal ..........43

V.   MILAZZO SHOULD BE GRANTED LEAVE TO AMEND ................56

     A. Issue Statement ...................................................................56

     B. Standard Of Review ...........................................................56

     C. Milazzo Did Not Waive Amendment. ..................................57

     D. Standards For Granting Or Denying Leave To Amend. ....................58

E.  Amendment Of The Operative Complaint Is Not Futile ....................59

    1.  The Eleventh Circuit Definition of "Futile"  ................................60

    2.  Milazzo Could Amend To More Carefully Plead To Clear
       "Confusion" In The Pleading And To Plead At Least Two
       Plausible Causes Of Action Identified By The District Court ......60

CONCLUSION ......................................................................................62

CERTIFICATE OF COMPLAINCE WITH FRAP 32(g)(1) .................................62

CERTIFICATE OF SERVICE ...............................................................63

# TABLE OF CITATIONS

**Cases**                                                                                          **Pages(s)**

*Am. Fire & Indem. Corp. v. State Farm Auto. Ins. Co.*,
483 So.2d 122 (Fla. 1st DCA 1986) ....................................................................52

*Amstar Ins. Co. v. Cadet*,
862 So.2d 736 (Fla. 5th DCA 2003) ....................................................................45

*Ashcroft v. Iqbal*,
5506 U.S. 622, 129 S. Ct. 1937 (2009) .................................................................22

*Awodiya v. Ross Univ. Sch. of Med.*,
No. 19-12832 (11th Cir. 2020) ...........................................................................36

*Bank v. Pitt,*
928 F.2d 1108 (11th Cir. 1991) ..................................................................... 58-61

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (1980) ............................................................ 22-23

*Berges v. Infinity Insurance Company,*
896 So. 2d 665 (Fla. 2005)..................................................................................55

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.,*
116 F.3d 1364, (11th Cir. 1997) .................................................................... 27-39

*Bryant v. Dupree*,
252 F.3d 1161 (11th Cir. 2001) .................................................................... 18-60

*Burger King Corp. v. Weaver,*
169 F.3d 1310 (11th Cir. 1999) ...........................................................................61

*Burgess v. Religious Tech. Ctr., Inc.*,
No. 14-11214 (11th Cir. 2015) ....................................................................25, 26

*Canal Ins. Co. v. Hartford Ins. Co.,*
415 So.2d 1295 (Fla. 1st DCA 1982) ......................................................52

*Christidis v. First Pennsylvania Mortgage Trust,*
717 F.2d 96, 100 (3d Cir. 1983) ......................................................25, 26

*Circle Mtg. Corp. v. Kline,*
645 So.2d 75 (Fla. 4th DCA 1994) ......................................................52

*City of Miami v. Citigroup Inc.,*
801 F.3d 1268 (11th Cir. 2015) ......................................................19

*Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc.,*
174 So. 2d 614 (Fla. 2d DCA 1965) ......................................................49

*Crusselle v. Mong,*
59 So. 3d 1178 (Fla. 5th DCA 2011) ......................................................59

*Dimick v. Ray,*
774 So. 2d 830 (Fla. 4th DCA 2000) ......................................................2, 22

*Doe v. Allstate Ins. Co.,*
653 So. 2d 371 (Fla. 1995) ......................................................55

*Durham v. Bus. Management Assocs.,*
847 F.2d 1505 (11th Cir. 1988) ......................................................24. 28

*Fogle v. IBM Corporation,*
2020 WL 1873567, Slip Copy, (Md. Fla. 2020) ......................................................27-32

*Forman v. Davis ,*
371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ......................................................60

*Gentry v. Smith,*
487 F.2d 571 (5th Cir. 1973) ......................................................58

*Griffin Bros. Co., Inc. v. Mohammed*,
918 So. 2d 425 (Fla. 4th DCA 2006) .......................................................35

*Hancoy v. Lambright,*
101 Fla. 128, 129 (Fla. 1931) ........................................................... 43-51

*Harrell v. Branson,*
344 So. 2d 604 (Fla. 1st DCA 1977) .......................................................56

*Huffstetler v. Our Home Life Ins. Co.,*
67 Fla. 324, 65 So. 1 (Fla. 1914) ...........................................................44

*Johnson v. Davis,*
480 So. 2d 625 (Fla. 1985) .....................................................................44

*Kohn v. City of Miami Beach,*
611 So. 2d 538 (Fla. 3d DCA 1992) .......................................................59

*Lang v. Horne,*
156 Fla. 605, 23 So.2d 848 (Fla. 1945) .................................................50

*L.S. ex rel. Hernandez v. Peterson,*
982 F.3d 1323 (11th Cir. 2020) ......................................................19, 57

*Masztal v. City of Miami,*
971 So. 2d 803 (Fla. 3d DCA 2007) .....................................................5 5

*Mejia v. Jurich,*
781 So. 2d 1175 (Fla. 3d DCA 2001) ............................................... 35-37

*Prieto v. Smook, Inc.*
97 So. 3d 916 (Fla. 4th DCA 2012) .......................................................35

*Providence Square Assoc. v. Biancardi,*
507 So.2d 1366 (Fla. 1987) ...................................................................52

*Pryor v. Oak Ridge Dev. Corp.,*
97 Fla. 1085, 119 So. 326 (Fla. 1929) .................................................................49

*Renfroe v. Nationstar Mortg., LLC,*
822 F.3d 1241 (11th Cir. 2016) .............................................................22

*Romo v. Amedex Ins. Co.,*
930 So. 2d 643 (Fla. 3d DCA  2006) ............................................................. 52-53

*Royal v. Parado,*
462 So. 2d 849 (Fla. 1st DCA 1985) .................................................................50

*Samet v. Prudential Ins. Co. of Am.,*
294 So.2d 35 (Fla. 3d DCA 1974) ............................................................52

*Samuels v. King Motor Co. of Ft. Lauderdale,*
782 So. 2d 489 (Fla. 4th DCA 2001) ............................................................46

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,*
742 F. 2d 786, 791 (3d Cir.1984) ............................................................23, 24, 27, 32

*Sibley v. Lando,*
437 F.3d 1067 (11th Cir. 2005) .............................................................22

*Smith v. Chopman,*
135 So. 2d 438 (Fla. 2d DCA 1961) ............................................................50

*Spain v. Brown & Williamson Tobacco Corp.,*
363 F.3d 1183 (11th Cir. 2004) .............................................................22

*Thomas v. Farmville Mfg. Co.,*
705 F.2d 1307 (11th Cir. 1983) ............................................................19, 57

*Thomas v. Town of Davie,*
847 F.2d 771 (11th Cir. 1988) .............................................................59

*Timson v. Sampson*,
518 F.3d 870 (11th Cir. 2008) (*per curiam*) ........................................................ 22

*Travelers Property Cas. Co. of America v. Charlotte Pipe & Foundry Co.*,
2012 WL 983783 (M.D. Fla. 2012) 4th DCA 2022) .................... 27, 28, 29, 30-31

*U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*
290 F.3d 1301 (11th Cir. 2002) .........................................................25, 28, 39, 40

*Woldeab v. Dekalb Cnty. Bd. of Educ.*,
885 F.3d 1289 (11th Cir. 2018) .............................................................................58

*Zarrella v. Pacific Life Ins. Co.*
755 F. Supp. 2d 1218 (S.D. Fla. 2010) .......................................................... 35-37

*Ziemba v. Cascade Int'l, Inc.*,
256 F.3d 1194 (11th Cir. 2001) ....................................................................23, 32

## UNITED STATES CODE

28 U.S.C. § 1291 ...................................................................................................11

## FEDERAL RULES OF CIVIL PROCEDURE

Fed.R.Civ.P. 8(a) .........................................................................................20, 23,24

Fed.R.Civ.P. 9(b) ............................................................................................*passim*

Fed.R.Civ.P. 12(b)(6) .............................................................................11, 18, 21

Fed.R.Civ.P. 15(a)(1)(A)-(B) .................................................................................59

## JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 because Milazzo appeals a final judgment of dismissal with prejudice by a District Court in this Circuit. The district court rendered the orders on appeal on June 15, 2022. (Appx. Dkt Nos. 40 and 41). Milazzo filed a timely notice of appeal on July 12, 2022. (Appx. Dkt No. 44).

## STATEMENT OF THE ISSUES

Issue 1: Whether Milazzo pled with sufficient particularity each count based on fraud or mistake so as to survive dismissal under Fed.R.Civ.P. 12(b(6) for noncompliance with Fed.R.Civ.P. (9)(b).

Issue 2: Whether Milazzo's causes of action failed to state a plausible clam.

Issue 3: Whether Milazzo waived the right amend.

Issue 4: Whether further amendment of the first-amended complaint is futile.

## STATEMENT OF THE CASE

## I. NATURE OF THE CASE.

This nature of this case involves a dismissal with prejudice of a civil diversity action. Appellees removed the state court complaint to the presiding federal district court. Milazzo in the initial state court complaint asserted a total of

6 causes of action among the Appellees. (Appx. Dkt. Nos. 1 and 3). Some of the asserted claims were fraud-based claims requiring consideration of Rule (9)(b).

Appellees filed a motion to dismiss the initial complaint in totality. (Appx. Dkt. No. 15). Milazzo responded to the motion to dismiss. (Appx. Dkt. No. 18). The district court granted the Appellees' joint motion to dismiss and *sua sponte* granted Milazzo leave to amend without requiring a separately filed motion for leave to amend. (Appx. Dkt. No. 34, Page 13). The district court ruled that almost all of the counts of the complaint were fraud-based causes of action to be tested against Rule (9)(b) and that Milazzo failed to plead these counts with sufficient particularity under Rule (9)(b) because Milazzo could not the names of the employees or the specific dates when the employees made alleged misrepresentations detrimental to Milazzo's interests. (*Id.*, Pages 4-7). The district court dismissed the other counts of the complaint for failure to state a claim. (Appx. Dkt. No. 34, Pages 7-12). The district court dismissed all counts of the complaint without prejudice. (*Id.*, Page 13). In the order, the district court identified plausible causes of action it deemed potentially available to Milazzo based on the alleged factual circumstances.

Milazzo amended the initial complaint  (Appx. Dkt. No. 37). In the first-amended complaint, Milazzo asserted 11 causes of action, including new causes of

action referenced by the district court in its order dismissing the initial complaint. (*Id.*, *passim* and Dkt No. 34). Milazzo realleged the bulk of the facts set forth in the initial complaint because those were the only known facts available to Milazzo. (Appx. Dkt. No. 37. *passim*). Appellees again filed a joint motion to dismiss in totality asserting failure to cure the pleading deficiencies. (Appx. Dkt. No. 38). Milazzo again responded in opposition. (Appx. Dkt. No. 39).

The district court granted the second motion to dismiss with prejudice. (Appx. Dkt. No. 40). The district court ruled: (1) that Milazzo failed to cure the original pleading deficiencies (*Id.*, Page 1); (2) that Milazzo failed to plead the fraud-based counts with sufficient particularity to meet the requirement of Rule (9)(b) (*Id.*, Pages 4-7); (3) that each count failed to state a plausible claim. (*Id.*, Pages 7-17); (4) that Milazzo procedurally waived the right to amend the pleading further (*Id.*, Pages 17-18); and (5) that any amendment to the pleading was futile. (*Id.*, Pages 18-19).

## II.    STATEMENT OF THE FACTS

Milazzo is a dual resident of the State of New Jersey and the State of Florida. (Appx. Dkt. No. 37 at ¶ 9). Milazzo owns real property located in Lee County, Florida ("The Property"). (*Id.* at ¶ 3). The Property is a single-family private residence. (*Id.* at ¶ 15). The Property and its ownership are governed by the

rules and regulations of a homeowner's association. (*Id.* at ¶ 16).

Both Liberty and First are insurance companies licensed and authorized to conduct business in the State of Florida with principal offices in the state of Florida. (*Id.* at ¶¶ 4-7). First is a wholly-owned subsidiary of Liberty. (*Id.* at ¶ 5 and 7).

Milazzo historically used Liberty to purchase "Liberty Mutual" insurance products for all of his insurance needs in both the states of New Jersey and Florida. (*Id.* at ¶ 10). Milazzo only purchased "Liberty Mutual" insurance products from Liberty for all of his insurance needs. (*Id.* at ¶¶ 10 and 13). Milazzo never had a designated individual insurance agent or broker of Liberty at any time material to his relationship with Liberty. (Appx. Dkt. No. 37 at ¶¶ 11). Historically, an on-call telephone agent of Liberty assisted Milazzo in securing insurance for any given insurance need. (*Id.* at ¶¶ 12). Milazzo is not an experienced or licensed insurance professional. At all times Milazzo relied on the expertise, licensure and superior subject knowledge of Liberty as his licensed and experienced insurance professionals.

On or about July 28, 2005, Milazzo purchased The Property. (*Id.* at ¶ 14). As a part of the purchase, Milazzo secured property casualty insurance. (*Id.* at ¶ 17). Milazzo contacted his New Jersey branch of Liberty to obtain a "Liberty Mutual"

13

insurance homeowner's policy for The Property. (*Id.* at ¶ 18). The New Jersey branch of Liberty referred Milazzo to the Tampa, Florida branch of Liberty to obtain "Liberty Mutual" property insurance coverage. (*Id.* at ¶ 19).

In June or July 2005, Milazzo called the Tampa branch of Liberty to secure "Liberty Mutual" homeowner's insurance for the entirety of The Property against all perils including hurricanes and severe wind damage. (*Id.* at ¶ 20). At the time Milazzo secured the insurance for The Property, Milazzo notified Liberty that The Property was a private, residential property that Milazzo was purchasing and would own in fee simple. (*Id.* at ¶ 22). At all times, The Property has been identified in public records as a private, single-family, residential golf course property owned in fee simple. (Appx. Dkt. No. 37 at ¶ 23). Milazzo sought to secure "Liberty Mutual" homeowner's insurance coverage to protect The Property generally from all property casualty damages and specifically from hurricane and wind damage to the roof system. (*Id.* at ¶ 24).

The on-call telephone insurance agents at the Tampa branch represented to Milazzo that the "Liberty Mutual" insurance policy would cover The Property against damage from perils such as hurricanes, wind, hail or storm damage to The Property, including the roof system. (*Id.* at ¶ 25). Milazzo does not have specific knowledge of the exact date of his calls to the Tampa office of Liberty Mutual. (*Id.*

at ¶ 26). In reliance upon the Liberty agents' representations, Milazzo purchased from First insurance to cover the entirety of The Property, which Liberty assured him would cover the roof system against hurricane, wind, hail, and other storm damage. (*Id.* at ¶ 27). In consideration for payment of the applicable premiums, Liberty through its agents secured for Milazzo a homeowner's property insurance policy from First. (*Id.* at ¶ 28).

First issued to Milazzo a property insurance policy. (*Id.* at ¶ 29). Milazzo is unaware as to whether either Liberty or First inspected The Property prior to Liberty issuing the initial insurance policy. (Appx. Dkt. No. 37 at ¶ 30). The initial policy is a policy of insurance for a condominium unit, not a single family, residential dwelling owned in fee simple. (*Id.* at ¶ 48).

Each year after the initial policy year of 2005, First in June of each calendar year from 2006 through 2018 issued a renewal policy. (*Id.* at ¶ 31). Each renewal of the initial policy did not change the designation of The Property from a condominium property to a private, single-family residential property owned in fee simple. (*Id.* at ¶¶ 49). Milazzo paid all premiums due under the policy and for each renewal of the policy, including for the policy years 2017 and 2018. (*Id.* at ¶¶ 38). First or Liberty deducted the annual insurance renewal premium from Milazzo's bank account for each yearly renewal. (*Id.* at ¶¶ 32). Milazzo does not have

specific knowledge of the exact date of each renewal nor the name of Liberty's or First's representative that deducted the policy renewal premiums. (*Id*. at ¶¶ 33). Milazzo is unaware of whether either Liberty or First inspected The Property prior to any policy renewal. (*Id*. at ¶¶ 34).

Periodically upon receiving the renewal policy and being aware of the premium deduction from his account, Milazzo during the renewal month after payment called the Tampa branch of Liberty to confirm with Liberty's on-call telephone insurance agents that the renewal policy provided coverage for the entirety of The Property, including the roof system, against all perils including hurricane and severe wind damage. (Appx. Dkt. No. 37 at ¶ 35). Milazzo does not have specific knowledge of the exact dates of his calls to the Tampa office of Liberty. (*Id.* at ¶ 36). Each time Milazzo called, an on-call agent of Liberty represented to Milazzo that the coverage in place for The Property covered damage resulting from the perils of hurricanes and severe wind including damage to the roof system of The Property. (*Id.* at ¶ 37).

In 2019, Milazzo became aware of roof damage to the roof of The Property. (*Id.* at ¶ 39). Milazzo had The Property inspected and estimated by a certified roofing specialist and expert. (*Id.* at ¶ 40). The roofing professional confirmed severe storm damage requiring a full roof replacement. (*Id.* at ¶ 41). The roofing

professional determined the cause of damage to The Property was hurricane, tropical storm, and other severe wind forces occurring during the effective policy periods. (*Id.* at ¶ 42).

Milazzo reported the claim to Liberty. (*Id.* at ¶ 43). On or about May 14, 2019, Milazzo spoke with two agents/representatives of Liberty regarding the claim for damages to The Property. (*Id.* at ¶ 44). One agent's name was "Jose." (*Id.* at ¶ 45). Milazzo does not have specific knowledge of "Jose's" full name. (*Id.* at ¶ 46). The second representative was Ms. Cathy Dunkin. (*Id.* at ¶ 47). During the call, Ms. Dunkin as an agent of Liberty informed Milazzo that in 2005 Liberty wrongly secured insurance from First with The Property treated as a condominium unit rather than as a private, single-family residential property owned in fee simple. (Appx. Dkt. No. 37 at ¶ 48). First declined to provide coverage for the hurricane/severe wind damage to roof of The Property based on the terms of the renewal policy in effect at the time that the damage occurred to The Property from the hurricane and severe wind peril. (*Id.* at ¶ 50).

## III.    STANDARDS OF REVIEW.

This Court reviews *de novo* an order granting a motion to dismiss pursuant to Rule 12(b)(6) at the motion to dismiss stage. *See Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001). Issues 1, 2 and 4 involve the *de novo* review standard.

This court generally reviews a denial of the right to amend a pleading under the abuse of discretion standard. *See Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1308 (11th Cir. 1983). However, this Court reviews denial of leave to amend based on futility pursuant to the *de novo* review standard. *See L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1328 (11th Cir. 2020) ("We also review *de novo* the denial of leave to amend by reason of futility because futility is a legal conclusion that the amended complaint would necessarily fail. *City of Miami v. Citigroup Inc.*, 801 F.3d 1268, 1275 (11th Cir. 2015)". To the extent this Court considers and rules on the district court's determination that the right to further amendment was not properly raised at the trial level, the standard of review is abuse of discretion. To the extent this Court considers the district court's determination of futility as the basis of the district court's denial of amendment, then the standard of review is *de novo*.

## SUMMARY OF THE ARGUMENT

The district court dismissed the bulk of the counts of the complaint based on a finding that Milazzo failed to meet the requirements of Rule (9)(B) because Milazzo could not plead the specific names of the actors or the exact date, time and place of the alleged fraudulent misrepresentation as to the insurance coverage. The district court focused exclusively on Rule 9(b)'s particularity requirement. The

district court deprived Milazzo of an opportunity to prove his case by applying too strictly the particularity requirement of Rule 9(b) to the exclusion of notice pleading under Rule 8.

Milazzo pled with sufficient particularity all of the elements of a fraud-based claim to survive dismissal based on rule (9)(b) because Milazzo pled facts to identify the actors other than the actors' name by providing the positions and titles of the actor, the dates of the actions, the employment location of the actors at the time of the actions; employment, etc. Milazzo also pled the "circumstances" of fraud to date, place and time of the fraudulent actions. Finally, Milazzo alleged the specific nature of the misrepresentations. Milazzo pled facts sufficient to place Appellees on notice of the precise alleged misconduct/misrepresentations. This Court, through its *de novo* review should balance the requirements of Rule (9)(b) and the Rule 8 and determine that Milazzo sufficiently pled the fraud-cased counts of his complaint to survive dismissal based in alleged noncompliance with Rule (9)(b).

The district course dismissed each claim for failure to state a  plausible claim. The district court did not indicate that any particular claim element had not been alleged. Instead, the district court asserted that the allegations were conclusory or inn unspecific or that the cause of action was barred by a rule of law

established through case law. However, the allegations of the complaint of specific based on the facts known and available to Milazzo, Additionally, the case law relied upon the district court. Had exceptions applicable thot eh circumstances alleged in the complaint. This Court's de novo review will show his Court clarity of Milazzo's allegations and the application of the legal exceptions to find that the Milazzo sufficiently pled his claims so as to survive a Rule 12(b)(6) dismissal.

The district dismissed the first-amended complaint with prejudice for: (1) an alleged procedural waiver of the right to amend; and (2) a determination that any amendment would be "futile." Milazzo did not waive procedurally the right to amend. Milazzo clearly made it known that he was willing to amend should the district court find further deficiencies. Amendment of the complaint was not futile. First, the district court identified several plausible and viable claims which Milazzo could successfully plead. Additionally, the district court found some of the pleading "confusing, therefore, requiring more careful pleading to state a plausible claim. Where the facts alleged demonstrate the existence off a plausible claim, the complaint is not futile. Additionally, based on the district court's order, the complaint was amendable to plead one or more plausible claims for relief if Milazzo more carefully pled the complaint. After this Court reviews the allegations of the complaint as to the nature of the parties' relationship in the conduct that is

the subject of the complaint, this Court should find that Milazzo sufficiently pled each of his causes of action to survive dismissal under Rule 12(b)(6) the alleged facts, if pled more carefully, will support plausible causes of action.

## ARGUMENT

## I.     THE ELEVENTH CIRCUIT STANDARDS FOR DISMISSAL.

*"*Motions to dismiss are only granted "when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) citing *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004). This Court "'accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff.'" *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1243 (11th Cir. 2016) (quoting *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008) (per curiam)). "[T]o survive a motion to dismiss, a complaint need only present sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Also, dismissal is only warranted when there is a dispositive legal issue which

precludes relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 581, 127 S. Ct. 1955 (1980).

## II.     FEDERAL PLEADING STANDARDS.

### A. <u>Fed.R.Civ.P. 8(a)</u>.

Under Rule 8, a complaint generally only needs to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Rule 8(e) provides that each averment should be "simple, concise, and direct…." Fed.R.Civ.P. 8(e). Rule 8(f) requires a court scrutinizing pleadings to construe them "as to do substantial justice." Federal courts must apply the "notice" standard. *See Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) and *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F. 2d 786, 791 (3d Cir.1984).

### B. <u>Fed.R.Civ.P. 9(b)</u>.

For causes of action sounding in fraud or mistake, there is a heightened pleading standard to plead with particularity. Fed.R.Civ.P. 9(b) provides: "[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." However, the Rule 8 notice pleading standard also applies to claims subject to the pleading requirements of Rule 9(b).

*See Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

The *Ziemba* Court stated:

> The application of Rule 9(b), however, 'must not abrogate the concept of notice pleading.'" When deciding a motion to dismiss based on application of Fed.R.Civ.P. 9(b), a court must test the sufficiency of the particularity of a fraud pleading in connection with the "notice" pleading standard.

*See Ziemba*, 256 F. 3d at 1202. The *Ziemba* Court further stated as to the notice pleading standard of Rule 8(a) working in conjunction with the particularity requirement of Rule(9)(b) as follows:

> The particularity rule serves an important *purpose* in fraud actions *by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'* " *The application of Rule 9(b), however, "must not abrogate the concept of notice pleading.*" *Id.* (internal quotation omitted).

(Emphasis supplied). *Ziemba*, 256 F.3d at 1202.

The purpose of the particularity requirement is "…to [alert] defendants to the 'precise misconduct with which they are charged' and [to protect] defendants 'against spurious charges of immoral and fraudulent behavior.' *Ziemba* at 1202 citing and quoting *Durham v. Bus. Management Assocs.,* 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir.1984). In *Seville,* the Third Circuit Court of

Appeal cautioned against applying the particularity rule of Rule 9(b) too strictly to deprive a plaintiff of the opportunity to prove a case. The *Seville* Court stated:

> We approach this question mindful of our recent admonition that in applying Rule 9(b), "focusing exclusively on its 'particularity' language 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.' " *Christidis v. First Pennsylvania Mortgage Trust,* 717 F.2d 96, 100 (3d Cir.1983) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298, at 407 (1969)). … Rule 9(b) requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud…

*Seville,* 742 F.2d at 791. In *Burgess v. Religious Tech. Ctr., Inc*., No. 14-11214, Pages 10-11 (11th Cir. 2015), a panel of this Court addressed "notice" pleading in the context of a Rule 9(b) fraud claim as to pleading date, time, or place of the alleged fraudulent conduct, saying:

> Specificity under Rule 9(b) does not, however, eliminate the concept of notice pleading. "Allegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1988). The particularity requirement may be relaxed for allegations of "prolonged multi-act schemes." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc*., 290 F.3d 1301, 1314 n.25 (11th Cir. 2002). The relaxed standard permits a plaintiff to plead

the overall nature of the fraud and then to allege with particularity one or more illustrative instances of the fraud. *See Id.*

*Burgess v. Religious Tech. Ctr., Inc.*, Pages 10-11.

### III. MILAZZO PLED EACH CAUSE OF ACTION WITH SUFFICIENT PARTICULARITY TO MEET NOTICE PLEADING UNDER RULE 8 AND THE PARTICULARITY REQUIREMENTS OF RULE (9)(B).

#### A. ISSUE.

Issue 1: Whether Milazzo pled each count based on fraud, misrepresentation, or mistake with sufficient particularity to comply with the pleading requirements of Rule 9(b).

#### B. STANDARD OF REVIEW.

This Court reviews *de novo* the dismissal for failure to state a claim.

#### C. Milazzo Pled With Sufficient Particularity All Of The Elements Of A Fraud Based Claim To Survive Dismissal Based On Rule (9)(b) Because Milazzo Pled The "Circumstances" Of Fraud To Place Appellees On Notice Of The Precise Alleged Misconduct/Misrepresentations.

The district court dismissed each of the following counts as insufficiently pled fraud-based claims subject to Rule 9(b): Counts I, II, III, IV, VII, VIII, IX, X and XI. (Appx. Dkt. No. 40, Page 4). The district court focused exclusively on Rule 9(b)'s particularity requirement and failed "…to take account of the general simplicity and flexibility contemplated by the rules.". *See Christidis v. First*

*Pennsylvania Mortgage Trust,* 717 F.2d 96, 100 (3d Cir.1983). The district court

deprived Milazzo of an opportunity to prove his case by applying too strictly the

particularity requirement of Rule 9(b) to the exclusion of notice pleading under

Rule 8. Milazzo argues that these counts are sufficiently specific in their

allegations to meet the pleading requirements of Rule 9(b) in conjunction with the

notice pleading standards of Rule 8. *See Seville,* 742 F.2d at 791.

In *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d

1364, 1371 (11th Cir.1997), this Court set forth the necessary requirements

for a sufficient fraud pleading under Rule 9(b), saying:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what
> statements were made in what documents or oral representations or
> what omissions were made, and (2) the time and place of each such
> statement and the person responsible for making (or, in the case of
> omissions, not making) same, and (3) the content of such statements
> and the manner in which they misled the plaintiff, and (4) what the
> defendants obtained as a consequence of the fraud."

However, a pleader may satisfy these requirements through alternate means other

than providing specific information as to the name of the actor or author of the

representations, the exact words of the representations, or the exact date, time and

place of the fraud actions. *Brooks,* 116 F.3d at 1371; *Fogle v. IBM Corporation*,

2020 WL 1873567, Slip Copy, (Md. Fla. 2020); *Travelers Property Cas. Co. of*

*America v. Charlotte Pipe & Foundry Co.*, 2012 WL 983783 (M.D. Fla. 2012);

*Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1988) ("Allegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule."); *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc*., 290 F.3d 1301, 1314 n.25 (11th Cir. 2002) (The particularity requirement may be relaxed for allegations of "prolonged multi-act schemes.").

## 1. The Lack Of A Person's Name Is Not Fatal To A Fraud Pleading.

First, the district court ruled that Milazzo failed to identify specifically by name Appellees' acting employees or agents who allegedly made the false representations to Milazzo. (Appx. Dkt. No. 40, Pages 6-7). However, a specific name is not necessary for a sufficient pleading if: (1) the pleader provides other information sufficient to place the defendant on notice to be able to identify the actor; and (2) the plaintiff otherwise does not possess nor control the specific information. *See Fogle*, 2020 WL 1873567 and *Travelers Property Cas. Co. of America*, 2012 WL 983783.

The *Fogle* Court dismissed a fraud-based complaint for lack of particularity as to a specific person/actor. However, the *Fogle* Court stated that a pleader could

meet the particularity requirement for the identity of a speaker by means other than providing the specific name of the speaker, saying:

> These allegations do not meet the requirements of Rule 9(b). For one, Fogle has not alleged who it was that made these representations. While he has alleged that the misrepresentations were made "primarily" by an IBM corporate executive recruiter and an IBM Vice President, IBM is a large, global company. ***Without more, such*** as the name of these individuals *or **other information that could better identify them***, such imprecise pleading is little better than saying "IBM made these misrepresentations." (Emphasis supplied).

The *Travelers Property Cas. Co. of America* Court found that a pleading for fraud was insufficient for lack of particularity as to a person. The court opined that other information, such as the title, position, etc. of the speaker, could suffice for pleading with particularity the requirement to identify the speaker/actor, saying:

> The statements are not attributed to a specific person, but instead to corporate entities…. Travelers claims that a meeting occurred in May with its representatives—perhaps the agents of Welbro and Progressive—and representatives of Defendants, during which critical statements were made, ***but not a single participant is identified by*** name***, title, position, or otherwise****….* (Emphasis supplied).

In this case, Milazzo did not simply attribute the misrepresentations to the "corporate entity." Milazzo identified the actors by title, position, location of employment, date ranges of employment, etc. Milazzo provided "other" allegations that better identified the individuals who made the alleged misrepresentations to

allow Appellees to have notice of who the actors were. Milazzo, provided that the actors were "call-center" or telephone agents in a specific location, Liberty's field office in Tampa, Florida, that responded to and facilitated securing insurance policies for him. (Appx. Dkt. No. 37 at ¶¶ 20-21, 25, 35-37, 45 and 55]. Milazzo alleged the time frame for each call and representation. (Appx. Dkt. No. 37 at ¶¶ 26, 35-36 and 46-47]. He alleged the policy number for his policy and the renewals. (Appx. Dkt. No. 37 at ¶¶ 29 and 31.] He alleged that the representations were made to him. (Appx. Dkt. No. 37 at ¶¶ 20-21, 25, 35-37, 45 and 55]. Milazzo also alleged that annually at the time of policy renewal, the on-call Liberty agents made the same misrepresentations to him in the Liberty's call center/field branch office in Tampa, FL. (Appx. Dkt. No. 37 at ¶ 35).

From this information, Milazzo placed Appellees on notice as to the nature of the alleged wrongful acts and the individuals in their employ who committed the acts in relation to Milazzo's policy. Milazzo provided sufficient specific facts or circumstances allowing Appellees to identify their respective telephone agents that worked with Milazzo to secure his policy and each renewal thereof. The specific information of the individual actors under their control is in Appellees' exclusive possession and control to enable them to determine the specific identity of the alleged actors. Consequently, Milazzo identified the actors "by name, title,

position, or otherwise…." *See Fogle v. IBM Corporation*, 2020 WL 1873567, and *Travelers Property Cas. Co. of America v. Charlotte Pipe & Foundry Co.*, 2012 WL 983783.

The court in *Travelers Property Cas. Co. of America* also held that a plaintiff pleading fraud-based claims should be allowed to demonstrate why the pleader cannot provide any more specific information. The district court in *Travelers Property Cas. Co. of America* granted dismissal with leave to amend to provide the name of the individual who made the alleged fraudulent representations *or to explain why the information could not be provided*. The *Traveler's Property Casualty Co. of America* Court held:

> Should Travelers decide to file a Second Amended Complaint, however, in addition to identifying the person making the statement and the person to whom it was made Travelers should specify the date and place the alleged misrepresentations were made **or state why it is unable to do so**.

*Travelers Property Cas. Co. of America*, 2012 WL 983783.

In this case, the information as to the call-center employees' names and the call records identifying the actors' names are not in the possession of Milazzo; the information is in the exclusive possession of Appellees. To allow a large corporate defendant to avoid liability through establishing basically anonymous call centers or telephone agents without the obligation to know the name of those agents for a

particular insured or policy would make the insurers unassailable for fraud through their staff. Based on the allegations on the first-amended complaint, Appellees were on notice of the information of who its actor was and how the actor can be identified specifically. Consequently, Milazzo pled with sufficient particularity the identity of the actors in order to meet particularity requirement of Rule 9(b).

> 2. Milazzo Specifically Pled Facts Of The Nature Of The Appellees' Misrepresentations And Appellees Specialized <u>Knowledge As To The Subject Of The Representations</u>.

The district court next found insufficient specific pleading of the facts of the alleged misrepresentations. (Appx. Dkt. No. 40, Pages 5-6). The district court deemed Milazzo's allegations of the nature of the misrepresentations to be conclusions, vague representations, and unactionable opinions of future actions. (*Id*.). Milazzo pled with particularity the exact nature of the misrepresentations'; and, therefore, Milazzo met the particularity requirements of Rule 9(b).

Milazzo is not required to plead the exact words of the misrepresentations. *See Ziemba*, 256 F. 3d at 1202 and *Seville Indus. Mach. Corp.,* 742 F. 2d at 791. Milazzo is only required to plead the nature of the misrepresentation sufficiently to place Appellees on notice of the "circumstances" of fraud. *Ziemba.*, 256 F. 3d at 1202; *Seville Indus. Mach. Corp.,* 742 F. 2d at 791; and *Fogle*, 2020 WL 1873567.

In *Brooks*, this Court stated all that is required for sufficient Rule 9(b) particularity for fraud is to plead fraud "circumstances," saying:

> … *plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice* of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. *It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in the rule requires them.* Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud….*The complaint sets forth the nature of the alleged misrepresentations, and while it does not describe the precise words used, each allegation of fraud adequately describes the nature and subject of the alleged misrepresentation.*

*Brooks,* 116 F.3d at 1371.

Milazzo pled the nature, time, and place of the fraudulent actions as follows:

(1)     Appellees represented that they would provide him with a policy to provide coverage to The Property, in particular the roof structure of The Property (Appx. Dkt. No. 37 at ¶ 25);

(2)     Appellees annually renewed the policy and during each renewal period represented to him that the policy they issued and were renewing expressly covered his property and its roof  against the perils of hurricane and wind damage (*Id.* at ¶ 35);

(3)     Appellees refused coverage for the damaged policy because the policy did not cover hurricane damaged because it was the wrong type of policy. (*Id*. at ¶¶ 48 ad 50); and

(4)     specifically-named representatives of Liberty acknowledged that Appellees secured and issued the wrong type of policy to cover The Property. (*Id.* at ¶ 48).

Milazzo is at a loss to understand how he could have been more specific in identifying the nature of the misrepresentations Appellees made to him in selling him the insurance policy or the resultant damage from the misrepresentations and his reliance thereon. Milazzo's allegations of the misrepresentations were neither conclusory nor vague; they were very specific.

Additionally, the district court found that the pled specifics of the nature of the misrepresentations was insufficient under rule 9(b) because the alleged misrepresentation constituted opinions of future events not actionable in a fraud-based action. The district court failed to apply Florida law's exception as to statements of opinion as facts when the statements are made by an expert or an experienced professional with superior knowledge of the subject matter of the representations.[1]

---

[1] In diversity cases, this Courts applies state substantive rules and laws and federal procedural rules to determine if a complaint states a cause off action. *See, e.g., Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 248 (5th Cir. 2008).

The district court cited *Griffin Bros. Co., Inc. v. Mohammed*, 918 So. 2d 425, 430-431 (Fla. 4th DCA 2006) in support of its determination that Appellees' misrepresentations were not actionable because they allegedly were opinions of potential future actions rather than misrepresentations of existing facts. However, the representations of a person with superior knowledge and experience of a subject are an exception to both charging an insured with knowledge of his/her policy and are exceptions to opinion statements or statements of potential future events not being actionable. *See Griffin Bros. Co., Inc. v. Mohammed*, 918 So. 2d 425, 430-431 and *Zarrella v. Pacific Life Ins. Co.,* 755 F. Supp. 2d 1218, 1224-1225 (S.D. Fla. 2010).

"Generally, the false statement of material fact necessary to establish fraud must concern a past or existing fact." *Prieto v. Smook, Inc.*, 97 So. 3d 916, 917 (Fla. 4th DCA 2012). Under Florida law, statements by persons expressing opinions on subjects in which they have specific training and superior knowledge constitute actionable statements of fact rather than opinions or expressions or promises of future events for the purposes of pleading fraud. *See Mejia v. Jurich,* 781 So. 2d 1175, 1177 (Fla. 3d DCA 2001) (surviving dismissal because experienced, knowledgeable real estate agent made promise regarding future

events, when she knew her representations were false and never intended to perform them). In *Meija*, the court stated:

> An action for fraud generally may not be predicated on statements of opinion or promises of future action, but rather must be based on a statement concerning a past or existing fact. *Maunsell v. American Gen. Life & Accident Ins. Co.*, 707 So. 2d 916 (Fla. 3d DCA 1998); *Baker v. United Servs. Auto. Ass'n*, 661 So. 2d 128 (Fla. 1st DCA 1995), *rev. denied*, 669 So. 2d 252 (Fla. 1996); *Thor Bear, Inc. v. Crocker Mizner Park, Inc.*, 648 So. 2d 168 (Fla. 4th DCA 1994). However, the courts have recognized exceptions to this rule which we find to be applicable in the instant case. *Where the person expressing the opinion is one having superior knowledge of the subject of the statement and the plaintiff can show that said person knew or should have known from facts in his or her possession that the statement was false, then the opinion may be treated as a statement of fact. Additionally*, if the plaintiff can demonstrate that the person promising future action does so with no intention of performing or with a positive intention not to perform, such a promise may also constitute a fraudulent misrepresentation. (internal citations omitted).

*Mejia*, 781 So. 2d at 1178-79. This Court and district courts of this circuit have recognized and applied the *Meija* exceptions. *See Awodiya v. Ross Univ. Sch. of Med.*, No. 19-12832, Page 10 (11th Cir. 2020) (citing and applying the second *Meija* exception for a person promising future action with no intention to perform) and s*ee also Zarrella v. Pacific Life Ins. Co.*, 755 F. Supp. 2d 1218, 1224-1225 (S.D. Fla. 2010) (citing and quoting *Mejia's* first exception for representations by a person with special skill and knowledge in a subject area).

In *Zarrella,* 755 F. Supp. 2d at 1224-1225, the Southern District of Florida stated Florida's exceptions that statements of opinion expressions of future promises by persons having superior knowledge of the subject can be considered as statements of fact and relied upon by recipients of the statements, saying:

> … Florida courts recognize an exception to the rule that opinions of future events cannot be the basis for fraud, treating such opinions as facts, but only when "the person expressing the opinion is one having superior knowledge of the subject of the statement and the plaintiff can show that the said person knew or should have known from facts in his or her possession that the statement was false." (Internal citations omitted.)

*Zarrella v. Pacific Life Ins. Co.,* 755 F. Supp. 2d at 1224-1225 citing *Mejia,*781 So. 2d at 1177.

In this case, Milazzo alleged "superior knowledge of the subject" and the experience of Appellees' licensed, professional insurance agents selling and issuing the subject policy. (Appx. Dkt. No. 37 at ¶¶ 58, 69, 80, 91, 100-101, 111, 113 and 114 and 125]. Appellees' employees and agents must be *licensed* to sell insurance policies. Milazzo alleged a fiduciary relationship arising out of that special and superior knowledge. (Appx. Dkt. No. 37, Counts V and VI). Additionally, Milazzo alleged that Appellees knew or should have known that the representations that the policy met Milazzo's requested insurance needs were false. (Appx. Dkt. No. 37, ¶¶ 58, 69, 79, 91, 123 and 132]. Finally, Milazzo alleged his

reliance on the representations. (Appx. Dkt. No. 37, ¶¶ 59-61, 70-72, 81-83, 92-94, 124-125 and 133-134]. Consequently, Milazzo affirmatively pled the Florida exception that Appellees' representations were considered actual factual representations under Florida law rather than opinions or representations or promises of future events.

This Court through its *de novo* review should determine that Milazzo sufficiently pled this fraud-based element to survive dismissal.

### 3. Milazzo Sufficiently Pled The Fraudulent "Circumstances" As To Date, Time, And Place.

The district court also ruled that Milazzo failed to allege with particularity the circumstances of the alleged fraud and misrepresentations as to date, place, and time. (Appx. Dkt. No. 40, Pages 6-7). Again, the district court too strictly applied the particularity requirement of Rule 9(b) without due consideration for notice pleading under Rule 8.

The *Brooks* Court stated that all that is required for sufficient particularity in pleading date, time, and place is for a plaintiff:

> … *to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice* of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. *It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in the rule requires them.* Plaintiffs are free to

use alternative means of injecting precision and some measure of substantiation into their allegations of fraud….

*Brooks,* 116 F.3d at 1371.  Milazzo used "... alternate means of injecting precision and some measure of substantiation of [his] allegations…" as to place, date, and time. Milazzo alleged:

1. <u>Place</u>. Milazzo alleged that all of his communications with Appellees' agents occurred telephonically at Liberty's Tampa, Florida field office. (Appx. Dkt. No.37 at ¶¶ 20, 35, 44, and 37.

2. <u>Date and Time</u>: In June or July 2005, Milazzo called the Tampa branch of Liberty to secure "Liberty Mutual" homeowner's insurance for the entirety of The Property against all perils including hurricanes and severe wind damage. At the time Milazzo secured the insurance for The Property, Milazzo notified Liberty that The Property was a private, residential property that Milazzo was purchasing and would own in fee simple. (Appx. Dkt. No. 37 at ¶¶ 22, 35, 44, and 43.

Consequently, Milazzo affirmatively pled the date, time, and place circumstances of Appellees' misrepresentations.

> 4. Milazzo Pled Prolonged Multiple Acts of Fraud and <u>Misrepresentation.</u>

Also, pursuant to the notice pleading application of Rule 9(b), the requirements of Rule 9(b) are relaxed in circumstances of multiple acts of fraud. *See U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1314 n.25 (11th

Cir. 2002). In *U.S. ex rel. Clausen v. Lab. Corp. of Am.,* this Court acknowledged that there is a relaxed  particularity requirement in the context "prolonged multi-act schemes." Under the relaxed standard, a plaintiff can plead the overall nature of the prolonged fraud generally and give one or more examples of fraud within the prolonged fraudulent scheme to establish the fraudulent circumstances. *Id.*

Milazzo sufficiently pled the fraudulent nature of the "circumstances" of a pattern of fraud by Appellees' agents over an approximate 13-year period. Milazzo alleged the date, time, place and nature of the alleged fraudulent acts and circumstances. Milazzo pled that the fraudulent acts occurred annually in the month of June each year at the date of the initial policy and for each annual renewal of the policy. (Appx. Dkt. No. 37 at ¶¶ 31, 35 and 37). Milazzo pled the nature of the fraud that occurred at those times. (Appx. Dkt. No. 37 at ¶¶ 24-25 and 37]. Finally, Milazzo pled where the misrepresentations occurred; through a field office located in Tampa, Florida. (Appx. Dkt. No. 37 at ¶¶ 20, 25-26, 35, and 44-48] Milazzo sufficiently advised Appellees of the facts of the fraudulent "circumstances" sufficient to provide information of the precise misconduct and acts demonstrating that Appellees are not subject to spurious charges of immoral or fraudulent conduct. Appellees' agents acknowledged and ratified the fraudulent circumstances and the alleged conduct of Appellees' agents. (Appx. Dkt. No. 37 at

¶¶ 47-48]. Therefore, Milazzo sufficiently pled the "date, time and place" requirement.

5. The Content Of Statements And How Milazzo Was Misled By the Representations.

The content of the representations  was that the insurance provided under the policy would covered the roof of The Property from storm damage.  It did not. It is really not mor complicated than that. The allegations in the first-amended complaint are sufficient to support the contention that Appellees: (1) had superior specialized knowledge of the subject; (2) knew or should have known that the provided policy was insufficient coverage to meet Milazzo's requested needs; (3) knew or should have known that uncovered damage would result in the event of a hurricane; (4) knew or should have known that their representations were false when made; (5) knew that Milazzo relied  upon the false statements. Milazzo relied on those representations based on Appellees superior knowledge and trusted vendor status. As a result, Milazzo was left under-insured when a hurricane hit. Therefore, Milazzo pled the specific nature of the misrepresentations and the detrimental effect of his reliance on the misrepresentations.

6. What Appellees Received As A Result Of The
Fraud And Misrepresentation.

Milazzo alleged what Appellees received as a result of their misrepresentations. Milazzo alleged that Appellees received the initial purchase premium of the policy and the annual renewal premiums. (Appx. Dkt. No. 37, ¶¶ 27-28 and 31-32). Appellees received policy premiums initially and annually for the insufficient coverage provided to Milazzo that exposed Milazzo to significant uncovered damages (which occurred).

## IV. MILAZZO PLED ALL NECESSARY ELEMENTS OF EACH CAUSE OF ACTION TO MEET THE STANDARDS OF RULE 8 AND TO SURVIVE DISMISSAL.

The district court ruled all counts of the complaint failed to state plausible claims. (Appx. Dkt. No. 40, Pages 7-17). This Court's *de novo* review will demonstrate that these rulings were errant.

### A. Issue.

Issue 2: Whether any of Milazzo's causes of action failed to state a plausible claim.

### B. Standard Of Review.

The standard of review for this issue is *de novo*.

**C.** Milazzo Pled Each Count Sufficiently To Survive Dismissal Under Rule 8.

1. Fraud and Misrepresentation - Counts I and III.

The district court dismissed Milazzo's fraud and misrepresentation counts, Counts I and III, ruling that Milazzo failed to allege sufficient specific facts/details as to any of Appellees' false state or omissions. The trial court dismissed each count on two grounds: (1) that the insurance policy was an arm's length transaction and that there can be no misrepresentation in an arm's length transaction (Appx. Dkt. 39 at Pages 8-9); and (2) that Milazzo could not allege reliance on oral representations contradicted by the language of an express written agreement (*Id*.). Those arguments fail to apply Florida's exceptions indicating that  someone may justifiably rely on the contradictory oral representations of a person with specialized knowledge of the representations of a trusted vendor. *See Hancoy v. Lambright*, 101 Fla. 128, 129 (Fla. 1931) ("A misrepresentation by a vendor to be a ground for a rescission of a contract must be in reference to some material thing unknown to the vendee, either from not having examined, or from want of opportunity to be informed, or from entire confidence reposed in the vendor."). Milazzo alleged the special and superior knowledge of Appellees that he relied upon in purchasing the insufficient policy to his detriment. He also alleged the

extent of his entire confidence reposed in Appellees as his insurance vendor for all of his insurance needs.

Milazzo pled the elements of a fraud action under Florida. The district did not find that Milazzo missed an element. The district court just critiqued the way quality of the allegations (as vague and unspecific) and said that the Milazzo was barred from recovery because he allegedly breached his duty to not trust his licensed professionals and vendors in favor of an independent investigation of the contents of the policy.

The necessary elements of a cause of action for fraud and/or misrepresentation are:

(1)   a false statement concerning a material fact;
(2)   the representor's knowledge that the representation is false;
(3)   an intention that the representation induce another to act on it; and,
(4)   consequent injury by the party acting in reliance on the representation.

*See Huffstetler v. Our Home Life Ins. Co.,* 67 Fla. 324, 65 So. 1 (Fla. 1914); *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985). In the instant case, as set forth previously in this brief, Milazzo fully pled the nature of each misrepresentation, Appellees' knowledge of the subject and knowledge of their misrepresentations in providing the wrong coverage, Milazzo's justifiable reliance on the

representations, and his result ant loss based on his reliance. Milazzo pled a plausible claim of relief for these causes of action.

   2. Fraud In the Inducement – Counts II and IV.

   The district court dismissed Milazzo's fraud in the inducement counts, Counts II and IV, ruling: (1) that again Milazzo could not allege reliance on oral representations contradicted by the language of an express written agreement (Appx. Dkt No. 40, Pages 10-11); and (2) that Liberty was not a party to the policy so could not have any liability under the fraud in the inducement count. (*Id.*). The district court found that Liberty cannot be held liable for fraud in the inducement because it did not issue the policy and is not a party/signatory to the contract. (*Id.*). However, Milazzo argues that Liberty is liable equally with First because of Liberty's complete ownership of First and because Liberty acted as both an apparent and actual agent of First in a principal/agent relationship. *See Amstar Ins. Co. v. Cadet*, 862 So. 2d 736 (Fla. 5th DCA 2003) (discussing the material elements and characteristics elements of both an actual and an apparent agency relationship and the potential for insurance broker/agent agencies and potential vicarious liability).

   Under Florida law, the essential elements of a properly pled cause of action for fraud in the inducement are: (1) the representor made a misrepresentation of a

material fact; (2) the representor knew or should have known of the falsity of the statement; (3) the representor intended that the representation would induce another to rely and act on it; and (4) the plaintiff suffered injury in justifiable reliance on the representation. *See Samuels v. King Motor Co. of Ft. Lauderdale,* 782 So. 2d 489 (Fla. 4th DCA 2001). Milazzo alleged the relationship of the companies to each other, and the manner in which the operated together to sell to Milazzo a First policy. Consequently, Milazzo pled plausible facts and argued supporting case law for  making plausible a claim under the asserted causes of action.

### 3.  Negligent Misrepresentation - Counts VII and VIII.

The district court dismissed Milazzo's negligent misrepresentation counts, Counts VII and VIII, ruling: (1) that again Milazzo could not allege reliance on oral representations contradicted by the language of an express written agreement (Appx. Dkt No. 40, Pages 11-12); (2) again that Milazzo had a duty to investigate the policy terms to discovery that the policy did not provide the desired coverage orally promised to and represented to him by Appellees' agents (*Id.*); and (3) that Milazzo failed to allege sufficient supporting factual details of Appellees' representations. (*Id.*).

As to the first ground for dismissal. Milazzo reasserts his prior arguments on that issue. Again, he could rely on their representations as fact based on superior knowledge. He could also rely on their representations because there is no provision in the policy telling Milazzo to not rely on those representations or disclaiming the agents' representations.

As to the issue of Milazzo's alleged inexcusable breach of his duty of care to know and verify the contents of the policy, Milazzo alleged Appellees' superior and specialized knowledge of the type of policy and the type of coverage provided under it. Milazzo also alleged that he had no specialized knowledge or experience in the insurance industry to be able to determine the effect of the policy on his property on his own. Finally, Milazzo alleged that he reposed special trust and confidence in Liberty over a long period of time. The district court's ruling fails to consider or to apply the exceptions arising from Appellees' agents' status as persons with specialized knowledge whose statements are treated as fact and can be justifiably relied upon by a person without such superior and specialized knowledge. What would motivate Milazzo to question his belief in Liberty's knowledge, experience, licensure, and past conduct in meeting Milazzo's requested insurance needs? Why would Milazzo not rely on Appellee's advice and recommendations and trust their provision of his requested insurance protection?

How cynical and distrusting of his licensed professionals is Milazzo supposed to be ?

Finally, as to the third ground for dismissal, the alleged lack of specific details as to the alleged misrepresentations, Milazzo reasserts his prior argument asserting his very specific descriptions of the misrepresentations and the effect his reliance on the misrepresentations. Appellees.

### 4. Rescission For Mistake - Counts IX and X.

The district court dismissed Milazzo's rescission counts, Counts VII and VIII, ruling: (1) that Milazzo had received benefits under the subject policy, just not the benefits Milazzo sought in securing the policy); and (2) that again Milazzo engaged in an inexcusable lack of due for failing to learn and know the contents of the subject policy.

The district court ruled that Milazzo received a "benefit" from the policy for over 13 years in the form of the actual protections that the policy provided rather than for the protections that Milazzo specifically sought but did not receive from Appellees due to Appellees' actions.

Milazzo reasserts his previous arguments in opposition to the issue of his alleged duty under the policy under these circumstances and his reasonable reliance on the Appellees as property insurance experts. Additionally, Milazzo

asserts that whether his reliance on Appellees' representations given Appellees' status is a matter for factual determination at summary judgment rather than on a motion to dismiss.

Under Florida law, the essential elements of a properly pled cause of action for rescission based upon fraud or misrepresentation are: (1) the making of the contract; (2) the existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation; (3) the party seeking rescission has rescinded the contract and notified the other party to the contract of such rescission. (4) the moving party has no adequate remedy at law. *See Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc.,* 174 So. 2d 614, 617 (Fla. 2d DCA 1965). "Only misrepresentations which were inducement to contract afford ground for rescission. Misrepresentation, to constitute ground for rescission of contract, must have been an inducement thereto; otherwise, it will not be ground for avoiding it." *See Pryor v. Oak Ridge Development Corporation*, 97 Fla. 1085 (Fla. 1928). "Inability to restore parties to status quo prevents rescission of contract for fraud or misrepresentation. Contract cannot be rescinded for fraud or misrepresentation, where it is impossible to put the parties back into their original position with their original rights." *Id.*

The primary goal of rescission is "to undo the original transaction and restore the former status" of the parties. *Willis v. Fowler,* 102 Fla. 35, 136 So. 358, 369 (1931). Rescission seeks to return the parties to the *status quo* existing prior to the transaction. *See Gentry v. Smith,* 487 F.2d 571, 578 (5th Cir.1973) ("It is the well settled law of [Florida] that a party who rescinds an agreement must place the opposite party in the *status quo*; and where restoration is impossible (the) contract cannot be rescinded.") (citations omitted); *Lang v. Horne,* 156 Fla. 605, 23 So. 2d 848, 853 (1945) (same); *Royal v. Parado,* 462 So. 2d 849, 856 (Fla. 1st DCA 1985) (the law is well settled that a condition precedent to the granting of the remedy of rescission is that the other party be returned to his *status quo*; and generally, a contract will not be rescinded even for fraud when it is not possible for the opposing party to be put back into his pre-agreement *status quo* condition); *Smith v. Chopman,* 135 So. 2d 438, 440 (Fla. 2d DCA 1961) (" 'It is a general rule that a contract cannot be rescinded for fraud or misrepresentations where it is not possible to put the parties back in their original positions and with their original rights.' ") (*quoting Pryor v. Oak Ridge Dev. Corp.,* 97 Fla. 1085, 1094, 119 So. 326, 329 (Fla.1929)). *But see Mulle v. Scheiler,* 484 So. 2d 47 (Fla. 5th DCA) (there are exceptions to the general rule that rescission is not an

adequate remedy where the parties cannot be restored to their *status quo*), *rev. denied,* 492 So. 2d 1334 (Fla. 1986).

A misrepresentation by a trusted vendor can support rescission. "A misrepresentation by a vendor to be a ground for a rescission of a contract must be in reference to some material thing unknown to the vendee, either from not having examined, or from want of opportunity to be informed, or from entire confidence reposed in the vendor." *See Hancoy v. Lambright*, 101 Fla. 128, 129 (Fla. 1931).

As to each Appellee, Milazzo pled making of the contract, in Appx. Dkt. No. 37 at ¶¶ 17-18. Milazzo pled the existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation. Milazzo pled notification of rescission. Finally, Milazzo pled the fourth element, no adequate remedy at law, or rather, return to the *status quo*.

Milazzo pled the misrepresentations of a trusted vendor and a person with specialized knowledge as actionable misrepresentations of a material term of the contract. Finally, Milazzo pled that the *status quo* as to the insurance transaction was to return to Milazzo the premiums paid in exchange for the wrong coverage subjecting Milazzo's property to unprotected damage.

5.  Reformation – Count XI.

In *Romo v. Amedex Ins. Co.*, 930 So. 2d 643 (Fla. 3d DCA 2006), Florida's

Third District Court of Appeal set forth the law of Florida as to reformation of

contracts in general and as to reformation of insurance contracts, specifically, as

follows:

> To state a cause of action for reformation of a contract, the complaint must allege that, as a result of a mutual mistake or a unilateral mistake by one party coupled with the inequitable conduct of the other party, the insurance contract fails to express the agreement of the parties. *See Kolski v. Kolski*, 731 So.2d 169 (Fla. 3d DCA 1999)(holding that allegations of complaint were sufficient to withstand a motion to dismiss where the complaint alleged that writing did not contain the entire agreement of the parties due to a unilateral mistake by one party and the inequitable conduct of the other party); *Circle Mtg. Corp. v. Kline*, 645 So.2d 75, 78 (Fla. 4th DCA 1994)("The rationale for reformation is that a court sitting in equity does not alter the parties' agreement, but allows the defective instrument to be corrected to reflect the true terms of the agreement the parties actually reached."); *Providence Square Assoc. v. Biancardi*, 507 So.2d 1366, 1369-72 n. 3 (Fla. 1987)(stating that a contract may be reformed due to a mutual mistake or a unilateral mistake by one party coupled with the inequitable conduct of the other party to the agreement); *Am. Fire & Indem. Corp. v. State Farm Auto. Ins. Co.*, 483 So.2d 122, 123 (Fla. 1st DCA 1986)(holding that "contract cannot be reformed in the absence of mutual mistake"); *Canal Ins. Co. v. Hartford Ins. Co.*, 415 So.2d 1295, 1297 (Fla. 1st DCA 1982)(holding that a contract may be reformed based upon a mutual mistake); *Samet v. Prudential Ins. Co. of Am.*, 294 So.2d 35, 36 (Fla. 3d DCA 1974)("For reformation of an insurance contract for fraud or mutual mistake it must be shown that the policy failed to express or conform to the contemplation of the parties, by evidence sufficient to overcome a presumption arising

from the policy that it correctly expressed the intention of the parties.").

*Romo v. Amedex Ins. Co.,* 930 So. 2d 643, 6489-649 (Fla. 3d DCA 2006)

There can be no reformation for a unilateral mistake unless there is inequitable conduct; Milazzo alleged inequitable conduct. Fraud is a form of inequitable conduct; it is one of the most egregious forms of misconduct. Whether Appellees' conduct was inequitable is a factual determination to made at summary judgment or trial and not upon determination of a motion to dismiss.

Milazzo alleged mistake as to material terms of the agreement as a ground for reformation. Milazzo alleged that he sought full coverage. He also alleged that Appellees agreed to provide him full coverage for his property and the insurance product he would purchase would provide the specific coverage. (Appx. Dkt. No. 37 at ¶¶ 25 and 37). Milazzo alleged that First and Liberty expected and intended that the issued policy in connection with other available policies based on their unilateral designation that property was a condominium would work with other policies to fully cover the property for Milazzo's desired coverage. These representations were incorrect. First issued a policy that did not contain the terms that either party expected. Therefore, Milazzo pled a plausible claim for reformation of the policy.

6. <u>Breach Of Fiduciary Duty – Counts V and VI</u>.

The trial court dismissed each breach of fiduciary duty count on two grounds: (1) that the insurance policy was an arm's length transaction and that there can be no duty in arms' length transaction; and (2) only "agents," not "brokers,", have  fiduciary duty to an insured and only in the context in the context of insurance defense litigation.

The negotiation of an insurance policy  between an insurer and an insured is not an "arm's length" transaction. Between an insured and an insurer, the insurer has superior subject knowledge, experience, and training and is a licensed professional. The insured is a layperson who relies on the expertise and experience of the insurance professional to provide the necessary insurance product. The only real negotiation is of the price of the policy premiums. Second, the insurance policy itself is tantamount to an adhesion contract. Homeowners policies are long, comprised of many pages, and use industry terms of art largely incomprehensible to a lay person. Also, insurers and insureds do not negotiate individual terms of a policy; the insured has no leverage or bargaining power to negotiate a change to any provision. Therefore, Milazzo asserts that it is a stretch to term securing insurance an arm's length transaction between an insurer and an insured.

Next, an insurer owes a fiduciary duty to act in the best interests of an insured. *See Doe v. Allstate Insurance Company*, 653 So. 2d 371, 374 (Fla. 1995) [insurer has "…a fiduciary duty requiring the exercise of good faith"); *see also Berges v. Infinity Insurance Company*, 896 So. 2d 665, 667 (Fla. 2005) (holding that he insurer "owed a fiduciary duty to act in Berges' best interests" *citing Doe v. Allstate Ins. Co.,* 653 So. 2d 371, 374 (Fla.1995)). The district court found no alleged fiduciary duty. The district court attempted to distinguish or limit the *Doe* and *Berges* duty rulings, saying that an agent may have a duty to provide a good faith defense to an insured in litigation only. The district court ruled as a matter of law that a broker has no duty to the insured at all.

The Fifth District Court of Appeal in *Crusselle v. Mong*, 59 So. 3d 1178, 1181 (Fla. 5th DCA 2011) explained Florida law on when a fiduciary relationship exists as follows:

> A fiduciary relationship exists when one is under a duty to act, or give advice, for the benefit of another upon matters within the scope of that relation. *Doe v. Evans,* 814 So.2d 370, 374 (Fla. 2002). "An implied fiduciary relationship will lie when there is a degree of dependency on one side and an undertaking on the other side to protect and/or benefit the dependent party." *Masztal v. City of Miami,* 971 So.2d 803, 809 (Fla. 3d DCA 2007). "A fiduciary relation may result from an offer of assistance where the nature of the proposal is one that is naturally calculated to repose confidence and trust in the one making the proposal. The relation and correlative duties need not be legal but may

be moral, social, domestic or merely personal." *Harrell v. Branson,* 344 So.2d 604, 607 (Fla. 1st DCA 1977) (citations omitted).

In this case, there was an implied fiduciary relationship as Milazzo alleged "… a degree of dependency one side (Milazzo's side] and an undertaking on the side [Appellees' side] to protective or to benefit [Milazzo]." Also, the nature of the trust between an insured and the insured's longtime insurer "…naturally [was] calculated to repose confidence and trust in the one making the proposal [the policy representations]." Consequently, Milazzo, pled a plausible claim for an existent duty between the parties.

Finally, Milazzo pled the factual allegations as to each element of cause of action for breach of fiduciary duty. If taken as true, these allegations sufficiently pled that Appellees had a fiduciary duty to Milazzo. Under Florida law, the essential elements of a properly pled cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) the breach being the proximate cause of the plaintiff's damages. *See Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002).

Milazzo's asserted that Liberty acted as both a broker and agent of First by offering First's insurance products to the general public, Milazzo. (Appx. Dkt. No. 37 at ¶¶ 107). Milazzo alleged unanimity of ownership between Liberty and First.

(*Id*. at ¶¶ 5 and 7). He alleged an agency relationship between the related companies. (*Id*. at ¶¶ 5, 7, 97-98, 106-107 and 110-11). He alleged that Liberty acted as broker of the product of its wholly-owned subsidiary. (*Id*. at ¶¶ 107). Finally, Milazzo alleged a special trust relationship between Milazzo and the companies and that the companies had special knowledge that Milazzo relied upon in securing insurance coverage (*Id*. at Doc. 37 at ¶¶ 101 and 114). Consequently, Milazzo sufficiently pled his causes for breach of fiduciary duty.

## V. MILAZZO SHOULD BE GRANTED LEAVE TO AMEND.

### A. <u>Issues</u>.

Issue 3: Whether Milazzo waived the right amend the first-amendment complaint.

Issue 4: Whether further amendment of the first-amended complaint is futile.

### B. <u>Standard Of Review</u>.

The standard of review for Issue 3 is abuse of discretion. *See Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1308 (11th Cir. 1983). The standard of review for Issue 4 is *de novo*. *See L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1328 (11th Cir. 2020).

### C.    <u>Milazzo Did Not Waive Amendment.</u>

In its order, the district court ruled that Milazzo waived the right to seek amendment by failing to seek leave to amend in a separately filed motion. (Appx. Dkt. No. 40, Pages17-18). This Court also has ruled that the district court should *sua sponte* grant plaintiff leave to amend unless: (1) "the district court has a clear indication that the plaintiff does not want to amend his complaint," or (2) "a more carefully drafted complaint could not state a claim." *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*) and *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289 (11th Cir. 2018).

First, in the case at bar, the district court *sua sponte* granted leave to amend in its first order of dismissal without requiring a separate motion for leave to amend. (Appx. Dkt. No. 34 at Page 13). The district court judge appeared to have a policy to allow amendment without requiring a separate motion where the judge felt amendment was not futile. Second, Milazzo did not clearly indicate an unwillingness to amend; instead, in his response to the motion to dismiss the first-amend complaint, Milazzo clearly indicated a desire to amend if the district court found further deficiencies in the first-amended complaint. (Appx. Dkt. No. 40, Pages 17-18).

Also, it seems a waste of attorney and judicial resources to require a plaintiff to seek leave to amend through a separate motion after entry of a judgment and rendering an order of dismissal specifically stating that any future amendment was futile in the eyes of the district court. Therefore, Milazzo did not procedurally waive the right to amend.

### D. Standards For Granting Or Denying The Right To Amend A Pleading.

This Court's decisions establish that a district court's discretion or right to deny leave to amend is "severely restricted" by Fed. R. Civ. P. 15(a), which mandates that leave to amend "shall be freely given when justice so requires.'" *See Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988). There is no "one amendment" or "three strikes and you are out" amendment limit rule imposed on a plaintiff by any federal rule of civil procedure or case law.[2] Applicable rules and case law require the district court to give *at least* one opportunity to amend an

_____

[2] Florida law generally asserts a three-strike limitation on amendment before further amendment is considered an abuse of the amendment process justifying a trial court to deny leave to amend a pleading or a defense. *See Dimick v. Ray*, 774 So. 2d 830 and *see Kohn v. City of Miami Beach,* 611 So. 2d 538, 539 (Fla. 3d DCA 1992) (four failed attempts at curing defects warranted denial of leave to amend to relieve the defendants "from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims."

alleged deficient pleading. The test is not the number of opportunities to amend, but rather if a more carefully drafted complaint could state a plausible claim. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) and *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

A plaintiff's right to amend a pleading is only limited: (1) "…where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) and *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001). In the instant case, there is nothing in the record to demonstrate that Milazzo abused the amendment privilege, repeatedly failed to cure alleged pleading deficiencies, or that amendment in some manner was prejudicial to Appellees. Through this Court's review, it should also determine that none of these factors deprive Milazzo of the right to amend.

### E.        Amendment Of The Operative Complaint Is Not Futile.

The district court acknowledged that the complaint could be more carefully stated because it was "confusing" as to certain claims and that potential viable, unpled claims potentially were available to Milazzo. This Court, through its *de*

*novo* review, should determine that amendment of the first-amended complaint is not futile because Milazzo can more carefully plead plausible causes of action

1. <u>The Eleventh Circuit's Definition Of "Futile".</u>

A proposed amendment is futile when the complaint as amended would not survive a Rule 12(b)(6) motion to dismiss. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999) "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). If a more carefully crafted complaint could remedy the pleading deficiencies, the district court should allow amendment. *Id.*

2. Amendment Is Not Futile Because Milazzo Could Amend To More Carefully Plead To Clear "Confusion" In The Pleading And To Plead At Least Two Plausible Causes Of Action Identified By The <u>District Court</u>.

First, the complaint is subject to amendment to clarify alleged "confusion" in the pleading. In dismissing Milazzo's breach of fiduciary accounts against each appellee for failure to state a cause of action, the district court ruled that Milazzo pled confusing factual allegations. (Appx. Dkt. No. 40 at Page 14-15). The district court stated that Milazzo pled "confusing" causes of action as to the legal and business relationship between the Appellees alleged to give rise to liability among

60

the Appellees. (Appx. Dkt. No. 40 at Page 15) ("Here, the amended complaint confusing alleges that First was both 'the insurance broker and the insurer')

Second, the district identified at least three additional plausible causes of which Milazzo could plead based on the facts and circumstances alleged in the first-amended complaint. (Appx. Dkt. No. 40, page 9, fn. 4 and. Page 15 at fn. 5). The district court identified breach of contract contract against First Liberty for wind and storm damage to the  property potentially covered under the  subject insurance policy. (Appx. Dkt. No. 40, Page 9, fn. 4). The district court also identified a plausible cause of action for breach of contract against the insurance agents. (Appx. Dkt. No. 40, Page 9, fn. 4). None of these causes of action are currently barred by a statute of limitations. Based on the district court's statements, the district court was aware of potentially three other causes of action available to Milazzo against Appellee's based on the Milazzo's alleged facts in the complaint. Therefore, proposed amendments to the first-amended complaint are not futile because Milazzo could plead more clearly plausible causes of action. This Court should determine that amendment is not futile and allow Milazzo leave to amend the complaint.

## CONCLUSION

This Court should vacate the order of dismissal with directions to reinstatement the complaint as to pled causes of action and with leave to amend the complaint to add causes of action.

## CERTIFICATE OF FONT AND LENGTH COMPLIANCE

I hereby certify that Appellant's Opening Brief has been prepared in Times New Roman 14-point with a Microsoft Word "word count" of 12,015 words.

*/s/ Alex Finch*

_____
ALEX FINCH, ESQUIRE
Florida Bar No. 0949220

# CERTIFICATE OF SERVICE

**I hereby certify that** on October 29, 2022, a true and correct copy of

Appellant's Initial- Opening Brief was served on all partis entitled to service by

CM/ECF Filings and that hard copies of the filing were served via First Class

U.S. Mail on the Clerk on the Clerk of the Court, Eleventh Circuit Court of Appeals,

to 56 Forsythe Street, N.W., Atlanta, GA 30303 and on opposing counsel by mail

and email at:

    Matthew J. Lavisky, Esq.
    400 N. Ashley Drive, Suite 2300
    Tampa, FL 33602
    mlavisky@butler.legal

    Latasha Lourdes Scott, Esq.
    400 N. Ashley Drive, Suite 2300
    Tampa, FL 33602
    lscott@butler.legal

    Jamie Combee Novaes
    400 N. Ashley Drive, Suite 2300
    Tampa, FL 33602
    jnovaes@butler.legal

                  **/s/ *Alex Finch***

                  _____

                  ALEX FINCH, ESQ.
                  Florida Bar No.: 949220
                  516 Whisper Wood Drive
                  Longwood, FL 32779
                  Phone: (407) 256-5538